IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DAVID LIDELL WHITEHEAD**                                                   **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 3:21CV183-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration denying his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security applied the appropriate legal standard and is supported by substantial evidence.

## FACTS

The plaintiff, David Lidell Whitehead, filed for benefits on November 8, 2019, alleging onset of disability commencing on June 23, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable

decision on March 16, 2021. (Dkt. 7 p. 18-26).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The administrative law judge (ALJ) determined Whitehead had the following severe impairments: disorders of the lumbar spine, obesity, and hypertension. The ALJ found Whitehead retained the residual functional capacity (RFC) to perform a full range of light work. The ALJ found based on the testimony of the vocational expert that Whitehead cannot perform his past relevant work as a carpenter or painter, which are performed at the medium level of exertion. Because he can perform a full range of light work, the Medical-Vocational Guidelines direct a conclusion that Whitehead is not disabled.

## ANALYSIS

The plaintiff assigns two errors on this appeal. He argues the ALJ failed to develop the record when he did not order a requested physical consultative examination. Whitehead also asserts the ALJ failed to properly evaluate his reports of pain pursuant to SSR 96-8p.

### 1. Failure to Develop the Record

Prior to the administrative hearing, plaintiff's counsel submitted a written request for a physical consultative examination. The ALJ neither addressed the request nor ordered an examination. The plaintiff points to the ALJ's duty to fully develop the record, arguing the failure to do so prejudiced him. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). The plaintiff argues that the only opinion evidence in the record is from the non-examining state agency consultants. Both doctors found that the plaintiff could perform light work, but each also assigned some postural limitations. The ALJ found these opinions to have some persuasive value. Whitehead argues that because this was the only opinion evidence and the ALJ did not

---

[1] The administrative record is Docket 7. All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

find it persuasive, he had a duty to develop the record. Instead according to Whitehead, the ALJ formulated the RFC based on his lay interpretation of the medical evidence.

The formulation of the RFC is an administrative, rather than medical determination. It is the ALJ's responsibility to assess the RFC after reviewing all the evidence in the record, including medical opinions, treatment records, and testimony from all sources, including lay testimony. *Ripley v.* Chater, 67 F.3d 552, 557 (5th Cir. 1995). Though it is the ALJs responsibility to determine the RFC, ALJs may not assess limitations based on their lay interpretation of raw medical data. *Id.* Still, the ALJ is not obliged to adopt any medical opinion, and the ALJ is not limited to choosing from medical opinions set out in the record. Other evidence may support a decision even in the absence of a medical statement. *Id.*

Where the ALJ forms an RFC between conflicting opinions, substantial evidence will typically be found to support the RFC determination. Here the RFC assessed a full range of light which is slightly less restrictive than the state agency doctor's opinions. It is also true that there are no other medical source opinions or administrative findings in the record. But there is other evidence that supports the ALJ's determination of the RFC in the form of medical opinions captured in the treatment record. When Whitehead requested a medical source statement from a treating nurse practitioner, the provider declined, noting that he had been referred to Dr. Silver's office. The nurse practitioner explained that Whitehead had left SI joint and piriformis muscle injections with improvement and that Dr. Silver had released him to return to work. The provider advised Whitehead that he was under the care of a specialist who had determined he could return to work. This information supports the RFC. While there is not a function-by-function break down, the record shows a treating physician's opinion that Whitehead could return to work. On this record, the ALJ could decide he had sufficient information to make the

disability decision and therefore did not commit error in failing to order a physical consultative examination.

### 2. Assessment of Pain

Next, Whitehead argues the ALJ did not properly consider the impact of his pain on his RFC. The ALJ's decision provided that the claimant had some limitations and restrictions but that he was not as limited as his subjective complaints suggested. The ALJ also noted that Whitehead's "statements concerning the intensity, persistence and limiting effects of his symptoms …are inconsistent with the above residual functional capacity assessment." R. 24. The plaintiff argues this gets the analysis backward, as this language would indicate that the ALJ first assessed the claimant's ability to work, then discounted his complaints of pain, based on the RFC. Of course the ALJ should first assess the RFC, including any limitations due to pain. While this language, which the court has seen in other opinions, is unfortunate and consistent with the plaintiff's argument, a reading of the full decision convinces the court that the ALJ did a proper, thorough analysis of the plaintiff's complaints of pain.

The ALJ first noted the plaintiff's testimony regarding his pain and limitations. He then discussed the plaintiff's treatment records in the next six paragraphs, and contrary to the plaintiff's claim of cherry picking, included records demonstrating complaints of pain, abnormal findings, and diagnoses corroborating the plaintiff's testimony. The decision also includes discussion of records that tended to minimize the severity of his pain and limitations, including notes that Whitehead did not take his pain medication every night. In his analysis of these records the ALJ stated: "After careful consideration of the evidence, the undersigned finds that the … claimant's statements are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 23.

The ALJ's analysis included discussion of the opinions of the state agency physicians and the claimant's function report. The ALJ noted the claimant's report showed among other things, that Whitehead could attend to his personal needs and sometimes wash clothes and dishes. He also did some cooking and light cleaning. Whitehead reported he could walk, drive a car, and shop. Whitehead reported going for gasoline and to the grocery store every day.

In summing up his analysis the ALJ found the medical records did not document significant limitations and showed only conservative treatment. He also noted the treatment records did not show the level of limitations claimed by the plaintiff.

After considering the matter the court finds the ALJ's decision shows a thorough analysis of the plaintiff's subjective complaints and is supported by substantial evidence.

**IT IS, THEREFORE ORDERED AND ADJUDGED** that the Commissioner's decision is affirmed.

**SO ORDERED AND ADJUDGED t**his the 13th day of April, 2022.

                                                  **/s/ David A. Sanders**
                                                  **U.S. MAGISTRATE JUDGE**